**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JOHNNY SPENCER,** ) | |
|         **Plaintiff,** ) | |
| ) | |
| **v.** ) | **3:05-CV-1093-B** |
| ) | |
| **DAYBREAK, INC.,** ) | |
|         **Defendant.** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an unspecified civil rights action.

Parties: Plaintiff resides in Dallas, Texas. Defendant is Daybreak, Inc. The court has not issued process in this case, pending preliminary screening.

Findings and Conclusions: The court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e), which imposes a screening responsibility on the district court. Section 1915(e)(2) reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal –
>         (i) is frivolous or malicious;

>> (ii) fails to state a claim on which relief may be
>> granted; or
>> (iii) seeks monetary relief against a defendant who
>> is immune from such relief.

28 U.S.C. § 1915(e).

The Fifth Circuit Court of Appeals has approved the use of questionnaires as a proper method to develop the factual basis of a *pro se* complaint. See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999) (reaffirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint); Eason v. Thaler, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal under former § 1915(d) is proper); Watson v. Ault, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint).

On June 13, 2005, the court issued a questionnaire to afford Plaintiff the opportunity to present the court with sufficient facts to demonstrate the existence of a federal claim. On July 11, 2005, Plaintiff filed his answers to the questionnaire. The answers decline to respond to Questions 1, 4, 6, 7 and 8 on the basis of the Fifth Amendment privilege against self-incrimination, and fail to provide sufficient and complete responses with respect to Questions 2, 3, 5, and 9.

On August 9, 2005, the court advised Plaintiff that, although a person is entitled to assert his privilege against self-incrimination, such a claim may not be asserted unless the person has demonstrated reasonable cause to apprehend danger from his answers. Wehling v. Columbia Broadcasting System, 608 F.2d 1084 (5th Cir. 1980). Whether a privilege claim is valid is one

which the court must decide, not the person asserting it.  See Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 818 (1951).

The court then granted Plaintiff an additional twenty days to file full and complete answers to the questionnaire.  The court informed him that if he persisted in asserting a Fifth Amendment privilege, that in response to each question he had to provide a specific explanation as to how his answer to the question would tend to incriminate him.  (See Detailed explanation set out in the Aug. 9, 2005 order).  The court also informed Plaintiff that his failure to comply with the terms of the order will result in the filing of a recommendation that his case be dismissed for want of prosecution.

As of the date of this recommendation, Plaintiff has neither submitted his answers to the magistrate judge's questionnaire nor sought an extension of time to do so.  On September 7, 2005, however, he submitted for filing at the District Clerk's office a "Motion for Stay and Writ of Mandamus" directed to the United States Court of Appeals for the Fifth Circuit.  In the motion to stay, he requests "55 days to file a writ of mandamus out of form and order for compliance with Fed. R. Crim. P. 44 as it relates to other matter(s) and other relief at equity and law special and general that movant may be justly entitled."

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  Boudwin v. Graystone Ins. Co., Ltd., 756 F.2d 399, 401 (5th Cir. 1985) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Plaintiff has been given ample opportunity to submit his answers to the magistrate judge's questionnaire, or as set out in the court's order of August 4, 2005, to provide a detailed explanation of how his answers to the questions would tend to incriminate him. Because he has failed or refused to do so, this action should be dismissed for want of prosecution.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice for want of prosecution pursuant to Rule 41(b), Federal Rules of Civil Procedure.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 20th day of September, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.